CORSON *v.* BUREAU OF MOTOR VEHICLES.

[Cite as Corson v. Bur. of Motor Vehicles
(1973), 37 Ohio Misc. 1.]

(No. CV73-04-0229—Decided July 6, 1973.)

Court of Common Pleas for Butler County.

CRAMER, J. The bureau of motor vehicles mailed a letter to Ernest G. Corson, appellant herein, advising him that he had become subject to the provisions of the Ohio financial responsibility law, R. C. 4509.01 to 4509.99, in that the records of the bureau indicated he had been involved in an automobile accident. He was advised that he had failed to file an accident report form and to indicate whether he had liability insurance in effect at the time of the accident.

In that letter, appellant was informed that he could

do one of the following three things in order to comply with R. C. Chapter 4509: (1) present a release from liability or an agreement to pay; (2) post a deposit in the amount of the damage to satisfy any judgment which might be rendered against him; or (3) request a hearing within 30 days of the receipt of the letter to contest the bureau's action. Appellant was duly warned of the consequences of any inaction on his part, as follows:

"If you fail to comply with one of the above requirements within 30 days, it will become necessary to enforce the requirements of the financial responsibility law as shown below.

"1. Suspend your driver's or chauffeur's license.

"2. Suspend all license plates and registration certificates issued in your name."

Within the 30 day time period, appellant took no action. Consequently, the registrar of the bureau of motor vehicles was required to suspend his license.

Pursuant to R. C. 119.12, appellant appealed the decision to this court.

The bureau of motor vehicles, the appellee herein, has moved the court to dismiss this appeal for the reason that appellant has failed to exhaust his administrative remedies.

We have examined the appellee's memorandum in support of the motion to dismiss and the authorities therein cited and it is our conclusion that the motion of the appellee is well taken for the reason that the appellant has failed to exhaust the administrative remedies provided by law. Appellant failed to request a hearing which was afforded him by appellee by letter.

It appears that the procedure followed by the Registrar is in conformity with the case of *Weaver* v. *O'Grady*, U. S. District Court, Southern District of Ohio, Eastern Division, Civil No. 71-291 cited by appellee herein.

In other words, the bureau has properly provided for a presuspension hearing in compliance with the case of *Bell* v. *Burson*, 402 U. S. 535.

*Motion to dismiss appeal granted.*